**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 18 2015



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10578 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00056-SRB |
| v. | |
| SCOTT ANDREW HOLMBERG, a.k.a. Scott Holmberg, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted May 13, 2015[**]

Before: LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Scott Andrew Holmberg appeals from the district court's judgment and

challenges the 72-month sentence imposed following his guilty-plea conviction for

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

wire fraud, in violation of 18 U.S.C. § 1343. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Holmberg contends that the district court procedurally erred by failing to explain its reasons for rejecting his sentencing arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered Holmberg's mitigating arguments and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Holmberg also contends that his sentence is substantively unreasonable in light of his alleged diminished capacity and because his sister was not prosecuted for her role in the fraud. The district court did not abuse its discretion in imposing Holmberg's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 72-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Holmberg's failure to be deterred by his prior sentence for wire fraud. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

13-10578